1              UNITED STATES DISTRICT COURT

2                  DISTRICT OF MAINE

3

4    UNITED STATES OF AMERICA     )        CRIMINAL ACTION
                                  )
5                                 )     Docket No. 99-72-P-H
                                  )
6            v.                   )
                                  )
7    CHARLES HALL,                )
                                  )
8                 Defendant.      )

9

10                  TRANSCRIPT OF PROCEEDINGS

11        Pursuant to notice, the above-entitled matter came on

12   for Sentencing Hearing before the HON. D. BROCK HORNBY, in

13   the United States District Court, Portland, Maine, on the

14   17th day of January, 2001, at 3:22 p.m.

15

16

17

18   APPEARANCES:

19   For the Government:          John Van Lonkhuyzen, Esquire

20   For the Defendant:           Bruce Merrill, Esquire

21

22

23                    Cindy Packard, RMR
                      Official Court Reporter
24

25   Proceedings recorded by mechanical stenography, transcript
     produced by computer.

 1    (At 3:22 p.m., defendant present in open court with his

 2    counsel, the following proceedings transpired.)

 3         THE COURT:  This is Criminal Number 99-72-P-H,

 4    United States v. Charles M. Hall.  The matter is on this

 5    afternoon for sentencing.

 6        Mr. Merrill, would you and Mr. Hall please stand.

 7        Mr. Hall, the purpose of the hearing this afternoon is

 8    for me to sentence you, but before I do that, I'm going to

 9    hear from your lawyer.  I'll hear from the prosecutor.  I'll

10    hear from you, if you want to speak to me.

11        I'm going to start by asking some questions of you and

12    your lawyer because I need to be sure that you have read and

13    discussed with him the presentence report in this matter

14    before I can impose sentence.

15        First of all, Mr. Merrill, have you read and discussed

16    with Mr. Hall the presentence report?

17             MR. MERRILL:  Yes, I have, Your Honor.

18             THE COURT:  Did you have enough time to do that?

19             MR. MERRILL:  Yes, I did.  Thank you, Your Honor.

20             THE COURT:  Mr. Hall, the presentence report tells

21    me in Paragraph 47 the medications that you are taking.  I

22    think Mr. Merrill is going to turn to that paragraph so you

23    can see the list there.  What I want to ask you, are you

24    still taking those medications?

25             MR. HALL:  Some of them, Your Honor.

1           THE COURT:  Some of them.  Which ones are you no

2   longer taking?

3           MR. HALL:  I'm no longer on the folic acid, the

4   Carafate, the Tagamet or the Imodium.  I'm on Pentasa and

5   prednisone.

6           THE COURT:  Are you taking those in the prescribed

7   amounts?

8           MR. HALL:  Yes, I am.

9           THE COURT:  Are there any new medications that

10  you're taking?

11          MR. HALL:  An iron pill daily and a multivitamin.

12  That's it.

13          THE COURT:  All right.  Aside then from those

14  medications we've just talked about, have you used any other

15  drugs or alcohol in the last 24 hours?

16          MR. HALL:  No, I have not.

17          THE COURT:  Have you read and discussed the

18  presentence report with your lawyer?

19          MR. HALL:  Yes, I have.

20          THE COURT:  Did you have enough time to do that?

21          MR. HALL:  Yes, Your Honor.

22          THE COURT:  All right.  Thank you.  Then you can

23  be seated.  I'll hear from the lawyers.  I'll hear from the

24  prosecution first, Mr. Van Lonkhuyzen.

25          MR. VAN LONKHUYZEN:  Your Honor, thank you.  Your

1    Honor, the defendant -- the government moves that the

2    defendant be sentenced in accord with the plea.  He pled

3    guilty to Count Six of mailing an extortionate letter in

4    violation of 18 USC, Section 876, Paragraph 2.

5        The letter to which he pled guilty was one of a series

6    addressed to U.S. Attorney McCloskey and others.  In that

7    particular letter, he threatened to kill the U.S. Attorney

8    or a member of his family unless the defendant was paid

9    $1 million and all criminal charges against him were

10   dropped.

11       The plea agreement is pursuant to Rule 11(e)(1)(C) and

12   has a 151-month appropriate disposition recommended, which

13   was accepted by this court.

14       The government believes that that 151-month sentence is

15   an appropriate disposition.  First, the defendant is a

16   career offender within the meaning of the guidelines, and

17   the offense to which he pled guilty has a 20-year statutory

18   maximum.

19       Thus, 151 months is the low end of the guideline range,

20   assuming that the defendant gets three points for

21   acceptance.

22       Second, the sentence to be imposed here is greater than

23   the statutory maximum for violations of 844(e), making a

24   bomb threat by telephone, three of which were charged

25   against the defendant and which arguably are the most

1    serious of his conduct.

2         And third, with the defendant's prior sentences, both

3    state and federal, this sentence should keep him in prison

4    for approximately 20 years.  He will have approximately 16

5    years of federal time to do after he completes his state

6    sentence.

7         Therefore, we believe this is an appropriate

8    disposition to be imposed.

9         I have one minor correction to the presentence report,

10   which I'd ask the court to adopt.  Stacy Walker and Paula

11   O'Brien are listed in Paragraph 8 regarding victim impact as

12   two people who received threatening telephone calls.

13        The people who actually received the threatening

14   telephone calls were Adrienne Brown and David Brown of the

15   ATF, Kelley Spardella, a supervisor at the Portland Jetport

16   air traffic control tower, and Kim Stewart and Mike Megalski

17   for the call to the Secret Service.

18        Stacy Walker and Paula O'Brien actually were employees

19   of the U.S. Attorney's Office at that time.  Stacy was a

20   student clerk.  And they, among other things, opened some of

21   the threatening letters with which defendant was charged and

22   that's how they became victims.

23             THE COURT:  So the correction you're asking is

24   to --

25             MR. VAN LONKHUYZEN:  Is that Stacy Walker and

1    Paula O'Brien be listed as persons receiving -- opening

2    threatening letters rather than receiving threatening phone

3    calls.

4            THE COURT:  I understand.

5            MR. VAN LONKHUYZEN:  Further, the government urges

6    the court to find in its findings of fact that the defendant

7    did make the three telephone bomb threats on December 1st,

8    1998; June 19, 1999; and June 20, 1999, as set out in

9    Paragraphs 5, 6 and 7 of the presentence report.

10        The defendant admitted in his plea agreement that the

11   government's evidence would have proved these three calls if

12   they went -- if we had gone to trial and that they were, if

13   proven, relevant conduct.

14        Second, they are relevant conduct under the guidelines

15   and as the PSI concludes, they were substantiated as the

16   report says in the response to the defendant's objection.

17        They are also related in that the U.S. Attorney's

18   Office was investigating the first telephone bomb threat,

19   which led to the defendant writing his series of 13 letters,

20   including the one that he pled guilty here to today, the

21   first letters inquired about the status of that

22   investigation.  They went on to solicit the murder of

23   Mr. McCloskey and then to threaten Mr. McCloskey and demand

24   that the investigation be dropped.

25        Second, the defendant engaged in the first of these

1    three threatening phone calls while he was being held for

2    sentencing by this court on his prior federal case.   And

3    after -- the second two were made after he refused to give

4    handwriting exemplars and was held in contempt by this court

5    on the investigation leading to this case.

6         This is repeated conduct by the defendant while he has

7    been incarcerated in a maximum security unit.   And the

8    government believes it important to find these so that the

9    Bureau of Prisons will have a basis found in fact in the

10   presentence report and the sentence to take whatever

11   measures BOP deems appropriate to prevent this kind of harm

12   happening in the future.

13        For example, the effects of this included closing

14   down -- these three calls included closing the airport twice

15   here in Portland.   Five flights were diverted.   More flights

16   were delayed.

17        One City Center was evacuated.   There were numerous

18   searches.   And in one instance, a bomb dog was called in

19   from the Brunswick Naval Air Station.

20        The defendant has repeatedly threatened law enforcement

21   and government officers, former President Bush at Walker's

22   Point, another Judge of this court and the U.S. Attorney.

23        We request that the court make a finding or adopt the

24   PSI that the defendant did make these three phone calls and

25   that in the judgment, the court indicate that BOP consider

1   these phone calls and as well as the conviction for the

2   threatening letter in determining what measures are

3   appropriate to monitor and/or restrict or limit defendant's

4   mail and telephone privileges while he is in BOP custody.

5        Thank you.

6            THE COURT:  Thank you, Mr. Van Lonkhuyzen.

7        Mr. Merrill, for the defendant.

8            MR. MERRILL:  Your Honor, if I could, on the

9   ministerial matter first.  In Paragraph 8, we would request

10  that the reference to Special Agent Mike Megalski as being a

11  victim of any of the telephone calls, that Mike Megalski be

12  stricken.

13       He was a special agent.  He was at home at the time.  A

14  call was routed to him, but I do not believe he would

15  qualify in the legal sense as being a victim.  And I would

16  ask that his name be stricken from Paragraph 8 of the

17  presentence report.

18       More importantly, and more of a matter of substance and

19  important to Mr. Hall is the fact that he entered into a

20  plea agreement to plead guilty to Count Six of the

21  indictment, which charged him with mailing a threatening

22  communication, extortionate communication.

23       He entered into that plea and made very clear that we

24  were not admitting to any of the other conduct in the

25  indictment.  And, in fact, Paragraph 7 of the plea agreement

1    in the second sentence says the defendant and the United

2    States agree that the three telephone bomb threats described

3    in the statement of facts which is attached would be, if

4    proven, relevant offense conduct within the meaning of the

5    sentencing guidelines.

6        And it has always been our position that yes, if it was

7    proven, that would be relevant conduct.  We were not

8    concerned about that because that is not the offense of

9    conviction which brings us before the court today.

10       The offense of conviction is mailing a threatening

11   communication, which Mr. Hall has admitted to.  And I do not

12   believe that it is necessary or proper for this court to

13   resolve that issue as to whether or not Mr. Hall, in fact,

14   made the three telephone bomb threats that were charged in

15   that indictment.  He objects to that.

16       The presentence report reflects each of Paragraphs 5

17   through 8 and 10, that the defendant is not admitting the

18   conduct described in those paragraphs.

19       We have no objection based upon the plea to Count Six

20   to writing a threatening communication if the government

21   wants to advise the Bureau of Prisons that they should

22   somehow monitor Mr. Hall's mail based upon the offense of

23   conviction, we cannot argue with that.

24       But we can and do argue against the necessity of this

25   court making a finding that Mr. Hall made any of the

1   telephone counts charged in the indictment.  That is not

2   what he pled guilty to.  And while we do not contest that if

3   proven, it would constitute relevant conduct, we didn't have

4   a trial on that.  We didn't admit to those.

5        There have been no factual findings made regarding

6   whether or not Mr. Hall made those telephone calls.  And we

7   would object and believe it is not necessary for this court

8   to resolve those issues in order to sentence Mr. Hall today.

9        The presentence report is obviously going to follow him

10  to the Bureau of Prisons.  And that's why I asked that the

11  language be put in there indicating that he does not admit

12  to those charges, but I do not believe that this court's

13  imprimatur should be placed upon that when there have been

14  no factual findings to suggest that Mr. Hall, in fact, did

15  make those calls.  And that is our major contention and

16  objection to the presentence report in this regard.

17       Other than that, this is an 11(e)(1)(C) plea as Mr. Van

18  Lonkhuyzen has indicated, has been accepted by the court.

19       We do not object to the other calculations as far as

20  guideline calculations that Mr. Hall is a career offender

21  under the guidelines, that his sentence is going to be 151

22  months.  We understand that.

23       We understand that it's going to be consecutive to the

24  43-month sentence imposed by this court in December of 1998,

25  which is consecutive to the state court sentence which

1   Mr. Hall is presently serving and in all likelihood will not

2   expire until the year 2004.

3       So we believe that the sentence that is going to be

4   imposed more than adequately punishes Mr. Hall for the

5   incident offense to which he's pled guilty, which is mailing

6   a threatening communication.

7           THE COURT:  Thank you, Mr. Merrill.

8       Mr. Hall, as a defendant before me for sentencing, you

9   have the right to speak to me.  You can tell me anything you

10  want me to know, particularly anything that might lead me to

11  be more lenient with you, although I do point out as your

12  lawyer has that you've entered into a binding plea

13  agreement.  This is your opportunity to tell me anything you

14  want me to know.

15          MR. HALL:  I don't have anything further to add

16  than what my attorney already said, Your Honor.

17          THE COURT:  All right.  Thank you.  You can be

18  seated.  Anything further from the government?

19          MR. VAN LONKHUYZEN:  No.

20          THE COURT:  Thank you.  Well, I have previously

21  read the presentence report.  And now that I've heard from

22  the lawyers and from Mr. Hall, I'll make my findings of fact

23  and conclusions of law and impose sentence.  I have

24  previously accepted the binding plea agreement in this

25  matter.  And at this time, I will make the guideline

1   findings.

2       First of all, I find the facts as set forth in the

3   presentence report with these modifications.  First, in

4   Paragraph 8, Stacy Walker and Paula O'Brien were not the

5   recipients of threatening telephone calls, but rather they

6   are people who opened threatening letters.

7       Also in Paragraph 8, Secret Service Agent Mike Megalski

8   should not be treated as a victim.

9       I do over the defendant's objection find the facts as

10  set out in Paragraphs 5, 6 and 7.  He has not conceded to

11  those, I understand that.  He has not admitted to them, but

12  I do find them as facts for purposes of this proceeding.

13      The base offense level under the guidelines is 18 under

14  2B3.2.  Two levels are added for the death threat.  Four

15  levels are added for the million dollar demand.  Three

16  levels are added because the victim was a government

17  officer.  Two levels are added for refusing to provide

18  exemplars to the Grand Jury.

19      All of that would result in an adjusted offense level

20  of 29.  But because Mr. Hall is a career offender, under

21  Guideline 4B1.1, the offense level is 32.  He does get a

22  three level reduction for accepting responsibility.  Total

23  offense level is therefore 29.

24      His criminal history is Category VI.  The guideline

25  prison range is 151 to 188 months.  He is not eligible for

1  probation.  Supervised release is two to three years.  He's

2  not able to pay any fine.  No departure has been requested.

3  Restitution is not an issue.

4      Aside from the objections you've raised previously, are

5  there any errors or omissions in the guideline findings,

6  first, for the government?

7          MR. VAN LONKHUYZEN:  No, Your Honor.

8          THE COURT:  Defense.

9          MR. MERRILL:  No, Your Honor.

10          THE COURT:  Mr. Hall, this is serious stuff that

11  you're involved in as you well know from the sentence that

12  you're confronting.  I don't know why you do this.  I'm not

13  sure that you know why you do it.  The sentence here is

14  severe and appropriately severe because this has a

15  tremendous impact, what you've done in terms of society, in

16  terms of the fear that it generates in other people, in

17  terms of the effect it has on ordinary activities, whether

18  they're governmental activities or simply private activities

19  at an airport.

20      You obviously know already from your lawyer what the

21  sentence is going to be here because it's been agreed to.

22  And that's what I'm going to impose.  I urge you to seek

23  whatever kind of counseling you can in the prison system so

24  that this comes to an end.  You have a lot of years ahead of

25  you in prison, you know that.  But there will come a time if

1    your health permits it when it will be over and you'll be

2    out.  And so you certainly don't want to have these same

3    kinds of issues confronting you and dogging you when you

4    reach that stage.

5        At this time, the defendant will stand for sentencing.

6        The defendant is hereby committed to the custody of the

7    United States Bureau of Prisons to be imprisoned for a total

8    term of 151 months to be served consecutively to the

9    defendant's prior federal sentence under District of Maine

10   Docket Number 98-54-P-H.

11       It is my understanding as the sentencing Judge, and the

12   United States and the defendant have agreed, that no time

13   from June 10, 1999, to the date of today's date, the

14   sentencing in this case, will be counted toward either

15   federal sentence if such time is being counted by the State

16   of Maine toward the defendant's current state sentence.

17       I also bring to the attention of the Bureau of Prisons

18   the telephone bomb threats and the mail threats, M-A-I-L,

19   that are set forth in the presentence report, the serious

20   threats that the recommendation that the Bureau of Prisons

21   take appropriate measure to insure that these do not

22   continue, particularly since previous incidents have

23   occurred while Mr. Hall is in custody.

24       The defendant is remanded to the custody of the United

25   States Marshal.

1        Upon his release from prison, he shall be on supervised

2   release for a term of three years.

3        He shall report to the probation office in the district

4   to which he is released within 72 hours of his release.

5        He shall not commit another federal, state or local

6   crime.

7        He shall not illegally possess a controlled substance.

8        He shall refrain from any unlawful use of a controlled

9   substance.

10        He shall submit to one drug test within 15 days of his

11   release from prison, and at least two periodic drug tests

12   thereafter as directed by the probation officer.

13        He shall not possess a firearm.

14        He shall comply with the standard conditions that have

15   been adopted by this court and the following additional

16   conditions:

17        Specifically, he shall submit to testing for use of

18   drugs and intoxicants upon the demand of the supervising

19   officer.

20        Criminal monetary penalties are the special assessment

21   of $100.

22        I find that he does not have the ability to pay any

23   fine.  I therefore waive fines in this case, but for the

24   special assessment.

25        The payment of the special assessment is due and

1   payable in full immediately.

2      Now, Mr. Hall, you've entered into a plea agreement

3   that waives your right to appeal this sentence.  Such a

4   waiver is generally enforceable.

5      If you believe your waiver is for some reason

6   unenforceable, you can present that argument to the Court of

7   Appeals.  The only way you can do that is by filing a notice

8   of appeal with the clerk of this court within 10 days from

9   today.  If you fail to do that, you will lose whatever other

10   rights of appeal you might have.

11      If you think that for some reason that your waiver is

12   unenforceable, and you want to file that notice and cannot

13   get your lawyer to do it, you can ask that the clerk of this

14   court file the notice, and the clerk will do it, but it has

15   to be within the 10 days.

16      And if you like, you can ask right now orally here in

17   open court for the clerk to do that, and the clerk will do

18   it.

19      And if for some reason your waiver is unenforceable,

20   and you cannot afford to prepay the costs of taking the

21   appeal, you can request permission to proceed without

22   prepaying costs.  And if you qualify financially, you'll be

23   permitted to do that.  Do you understand what I've told you?

24      MR. HALL:  Yes, I do.

25      THE COURT:  Anything further, Mr. Merrill, from

1    the defendant?

2           MR. MERRILL:  Yes, Your Honor.  I would ask that a

3    copy of this sentencing transcript be appended to the

4    presentence report so that Mr. Hall's objections to the

5    telephone bomb threats will be clear on the record.

6      And secondly, due to Mr. Hall's medical condition, as

7    the court's aware, he had an ileostomy surgery recently.  He

8    has an ileostomy bag that he wears now.  That appliance

9    requires him to daily change it and change some of the

10    bandages associated with that.

11      And I would ask that when the time comes for him to go

12    to a federal facility that he be designated to a federal

13    medical facility so he'll be able to deal with his medical

14    condition.

15           THE COURT:  Let me deal with those.  Does the

16    government take a position on either of those?

17           MR. VAN LONKHUYZEN:  No objection to the first.

18    And as to the second, the government recommends that it be

19    left to the BOP's discretion.

20           THE COURT:  On the first, I do have attached to

21    the presentence report as a matter of course the findings

22    that I make.  And I will be clear with the court reporter

23    that those findings state that the findings are over the

24    objection as to those paragraphs, that the defendant does

25    not admit to those.

```
 1          When she reviews the transcript, if that's not there, I
 2    hereby instruct the court reporter to add the sentences that
 3    I've just announced, that those findings are made over the
 4    objection of the defendant.
 5          MR. MERRILL:  Thank you, Your Honor.
 6          THE COURT:  With respect to the second request, I
 7    will add in the recommendation to the Bureau of Prisons that
 8    they pay careful attention to the medical condition of
 9    Mr. Hall that are set out in the presentence report and take
10    that into account in making an assignment to the appropriate
11    location.
12          MR. MERRILL:  Thank you.  One moment, Your Honor.
13          THE COURT:  Anything further?
14          MR. MERRILL:  Nothing else, Your Honor.
15          THE COURT:  Anything further from the government?
16          MR. VAN LONKHUYZEN:  No, Your Honor.
17          THE COURT:  Thank you both, counsel, for your
18    performance.  Court will stand adjourned.
19    (At 3:47 p.m., the foregoing proceedings were concluded.)
20                         - - - - -
21
22
23
24
25
```

1                          CERTIFICATE

2

3

4        I hereby certify that the foregoing is a true and

5   correct transcript of my stenographic notes of the

6   proceedings held in the above-entitled matter.

7        Dated this 13th day of November, 2013.

8                              /s/ Cindy Packard
9                              Official Court Reporter

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

This document was created with Win2PDF available at http://www.win2pdf.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.
This page will not be added after purchasing Win2PDF.